J-S03039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DESEAN M. THOMPSON | |
| Appellant | No. 1461 EDA 2015 |

Appeal from the Judgment of Sentence April 17, 2015
in the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0004424-2012

BEFORE:  FORD ELLIOTT, P.J.E., OTT, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED FEBRUARY 02, 2016**

Appellant Desean Thompson appeals from the judgment of sentence entered in the Chester County Court of Common Pleas following his jury trial convictions for rape by threat of forcible compulsion,[1] involuntary deviate sexual intercourse by threat of forcible compulsion,[2] sexual assault,[3] aggravated indecent assault without consent,[4] aggravated assault by threat

_____

[1] 18 Pa.C.S. § 3121(a)(2).

[2] 18 Pa.C.S. § 3123(a)(2).

[3] 18 Pa.C.S. § 3124.1.

[4] 18 Pa.C.S. § 3125(a)(1).

of forcible compulsion,[5] indecent assault by threat of forcible compulsion,[6] and terroristic threats.[7]  After careful review, we affirm.

The trial court set forth the relevant facts and procedural history of this matter as follows:

> [Appellant] was arrested and charged with five counts of rape by threat of forcible compulsion, four counts of involuntary deviate sexual intercourse by threat of forcible compulsion, five counts of sexual assault, two counts of aggravated indecent assault, five counts of indecent assault and one count of terroristic threats.  These charges arose from [Appellant's] assault on a 21[-]year[-]old victim in a public park in Coatesville, Chester County, Pennsylvania, on August 5, 2012. [Appellant] and the victim, who did not know one another prior to the night in question, met in a bar and then walked to Ash Park where [Appellant] repeatedly raped the victim and threatened her with the blade of a knife, over a period of several hours.
>
> Following a three day jury trial, on October 9, 2013, [Appellant] was found guilty of all counts charged.  On November 18, 2014, [Appellant] was sentenced to an aggregate sentence of 20½ to 45 years['] imprisonment on five counts of rape and one count of terroristic threats.[1]  By Order dated October 3, 2014, [Appellant] was determined to be a sexually violent predator pursuant to 42 Pa.C.S.[] § 9799.24, subject to the lifetime registration requirements under 42 Pa.C.S.[] §§ 9799.10 *et seq.*
>
> ---
> [1] All remaining charges merged with rape.

---

[5] 18 Pa.C.S. § 3125(a)(3).

[6] 18 Pa.C.S. § 3126(a)(3).

[7] 18 Pa.C.S. § 2706(a)(1).

On December 1, 2014, [Appellant] filed a [p]ost[-][s]entence [m]otion [p]ursuant to Rule 720 for [r]econsideration and [r]eduction of [s]entence and [n]ew [t]rial [p]ursuant to Rule 606 [c]hallenging the [s]ufficiency of the [e]vidence and Rule 607 [c]hallenging the [w]eight of the [e]vidence. By [o]rder dated February 2, 2015, [Appellant's] [m]otion for a [n]ew [t]rial was denied; however, [Appellant's] [m]otion for [r]econsideration of [s]entence was granted. On April 17, 2015, [Appellant] was sentenced to an aggregate sentence of 18 to 45 years['] incarceration on five counts of rape and one count of terroristic threats. [Appellant] received credit for time served from November 19, 2012 to April 17, 2015 and was deemed ineligible for RRRI.

Trial Court Pa.R.A.P. 1925(a) Opinion, July 17, 2015 ("1925(a) Opinion"), pp. 1-2.

Appellant raises the following issues for our review:

1. Whether [] the [t]rial [c]ourt erred by denying [Appellant's] post-sentence motion for [a] new trial based upon [the] claim that the verdict was against the weight of the evidence[?]

2. Whether [] the [t]rial [c]ourt erred by denying [Appellant's] post-sentence motion challenging the sufficiency of the evidence[?]

3. Whether [] the [t]rial [c]ourt abused its discretion by imposing an aggregate sentence of 18 years to 45 years[' imprisonment] at a state correctional facility[?]

Appellant's Brief, p. 4.

First, Appellant alleges the trial court erred by denying his post-sentence motion for a new trial based on the allegation that the guilty verdicts were against the weight of the evidence. **See** Appellant's Brief, pp.

34-39.[8]    Effectively, Appellant claims internal inconsistencies and inconsistencies between the victim's testimony and other witness testimony and the physical evidence render the victim's testimony incredible. *See id.* We do not agree.

The denial of a new trial based on a lower court's determination that the verdict was not against the weight of the evidence is one of the least assailable reasons for granting or denying a new trial. ***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa.2013). This Court reviews weight of the evidence claims pursuant to the following standard:

> A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that

---

[8] The pagination of Appellant's brief begins on page 1 with his Statement of Jurisdiction and proceeds through the end of the Summary of the Argument on page 31. The brief then continues with the Statement of the Reasons to Allow an Appeal to Challenge the Discretionary Aspects of a Sentence as page 2 rather than page 32. This error continues throughout the remainder of the brief and ends with a Proof of Service on page 25, which should be page 55. For clarity, we treat Appellant's brief herein as though he had not made this clerical error, and had instead numbered his brief as pages 1 through 55.

> notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

*Commonwealth v. Widmer*, 744 A.2d 745, 751-52 (Pa.2000) (internal citations, quotations, and footnote omitted).

Stated differently, a court may award a new trial because the verdict is against the weight of the evidence only when the verdict is so contrary to the evidence as to shock one's sense of justice,[9] "such that right must be given another opportunity to prevail." *Commonwealth v. Goodwine*, 692 A.2d 233, 236 (Pa.Super.1997). Moreover, appellate review of a weight claim consists of a review of the trial court's exercise of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence. *Widmer*, 744 A.2d at 753. When reviewing the trial court's determination, this Court gives the gravest deference to the findings of the court below. We review the court's actions for an abuse of discretion. *Id.*

---

[9] This Court has explained the notion of "shocking to one's sense of justice" as follows:

> When the figure of Justice totters on her pedestal, or when the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience.

*Commonwealth v. Davidson*, 860 A.2d 575, 581 (Pa.Super.2004) (internal citations and quotations omitted).

In prosecutions for sexual offenses, "the uncorroborated testimony of the complaining witness is sufficient to convict a defendant[.]" **Commonwealth v. Lyons**, 833 A.2d 245, 258 (Pa.Super.2003); 18 Pa.C.S. § 3106 ("The testimony of a complainant need not be corroborated in prosecutions under this chapter."). Further, the jury, as finder of fact, passes judgment on the credibility of witnesses and is free to believe all, some, or none of the testimony presented. **See Commonwealth v. Thompson**, 106 A.3d 742, 756 (Pa.Super.2014) (quoting **Commonwealth v. Caban**, 60 A.3d 120, 132–133 (Pa.Super.2012)).

Simply stated, the jury's verdict in this matter illustrates that the jury found the victim's testimony regarding the assaults credible. To the extent inconsistencies existed between the victim's testimony and that of other witnesses, such inconsistencies do not prevent conviction. The trial court summarized the victim's testimony as follows:

> The victim testified that what started out as a friendly walk to the park, turned into [Appellant] sexually assaulting her. The victim testified that [Appellant] pushed her against a wall, began choking her and was pressing something into her stomach. The victim testified that it felt like a blade or a box cutter. The victim further testified that [Appellant] pulled her by [the] hair and forced her to engage in oral sex, anal sex and vaginal sex. The victim provided specific testimony regarding the sexual acts performed upon her by [Appellant] as well as the sexual acts [Appellant] forced her to perform on him. At one point [Appellant] threatened to kill the victim if she made a scene or called for help. The victim cried throughout the ordeal, continually told [Appellant] "No" and was afraid that if she did not do as [Appellant] told her, she would lose her life.

- 6 -

Trial Court Order, February 2, 2015,[10] p. 1 n.1.  From this testimony, and based upon the jury's right to resolve conflicts and/or inconsistencies in the testimony presented, the trial court concluded that, "[b]ased upon the record, we do not find the verdict so contrary to the evidence as to shock one's sense of justice and make an award of a new trial imperative." ***Id.***

Our review of the trial transcript reveals the trial court did not abuse its discretion in denying a new trial based on the weight of the evidence. Accordingly, Appellant's weight of the evidence claim fails.

Next, Appellant claims the evidence was insufficient to support his convictions. ***See*** Appellant's Brief, pp. 39-41.  Appellant claims the victim's testimony alone was insufficient to establish the elements of the crimes charged. ***Id.***  He is incorrect.[11]

_____

[10] The trial court's February 2, 2015 order denied Appellant's post-sentence motions for a new trial based upon weight and sufficiency of the evidence claims.  The trial court expressly incorporated this order into its 1925(a) Opinion to explain its reasons for denying Appellant's post-sentence motions. ***See*** 1925(a) Opinion, p. 2.

[11] The Commonwealth argues Appellant has waived his sufficiency of the evidence claims by filing an insufficient Pa.R.A.P. 1925(b) statement that failed to identify the specific elements of the specific crimes the Commonwealth allegedly failed to prove beyond a reasonable doubt. ***See*** Commonwealth's Brief, pp. 13-14.  Ordinarily, an appellant waives a sufficiency of the evidence claim if he fails to specify the particular elements of crimes an appellant claims the Commonwealth failed to prove. ***Commonwealth v. Garland***, 63 A.3d 339, 344 (Pa.Super.2013); ***see also Commonwealth v. Garang***, 9 A.3d 237, 244 (Pa.Super.2010).  However, in this matter, the substance of Appellant's post-sentence motion for a new trial and his argument at the hearing thereon made clear that Appellant was challenging the consent element of the rape and assault convictions and the

*(Footnote Continued Next Page)*

When examining a challenge to the sufficiency of evidence, this Court's standard of review is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Smith*, 97 A.3d 782, 790 (Pa.Super.2014).

In pertinent part, the Crimes Code defines rape by threat of forcible compulsion as follows:

> **(a)  Offense defined.--**A person commits a felony of the first degree when the person engages in sexual intercourse with a complainant:
>
> . . .

*(Footnote Continued)* ───────────────

threat element of the terroristic threats convictions. Therefore, we will overlook the deficiencies of Appellant's 1925(b) statement and proceed to determine the underlying sufficiency claim.

> (2) By threat of forcible compulsion that would prevent resistance by a person of reasonable resolution.

18 Pa.C.S. § 3121(a)(2). Likewise, the Crimes Code defines involuntary deviate sexual intercourse by threat of forcible compulsion as follows:

> **(a) Offense defined.--**A person commits a felony of the first degree when the person engages in deviate sexual intercourse with a complainant:
>
> . . .
>
> (2) by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution[.]

18 Pa.C.S. § 3123(a)(2). The Crimes Code further defines "forcible compulsion" as:

> Compulsion by the use of physical, intellectual, moral, emotional or psychological force, either express or implied.

18 Pa.C.S. § 3101.

The Crimes Code similarly defines aggravated indecent assault as follows:

> **(a) Offenses defined.--**Except as provided in sections 3121 (relating to rape), 3122.1 (relating to statutory sexual assault), 3123 (relating to involuntary deviate sexual intercourse) and 3124.1 (relating to sexual assault), a person who engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures commits aggravated indecent assault if:
>
> (1) the person does so without the complainant's consent; [or]
>
> . . .

> (3) the person does so by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution.

18 Pa.C.S. § 3125(a).

Likewise, the Crimes Code defines indecent assault by threat of forcible compulsion, in pertinent part, as:

> **(a) Offense defined.--**A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:
>
> . . .
>
> (3) the person does so by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution[.]

18 Pa.C.S. § 3126(a)(3).

Regarding sexual assault, the Crimes Code provides:

> Except as provided in section 3121 (relating to rape) or 3123 (relating to involuntary deviate sexual intercourse), a person commits a felony of the second degree when that person engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent.

18 Pa.C.S. § 3124.1.

Again, we note that the uncorroborated testimony of a victim can suffice to convict an assailant of a sexual crime. *See Lyons*, *supra*; 18 Pa.C.S. § 3106.

Additionally, the Crimes Code defines terroristic threats, in pertinent part, as follows:

- 10 -

**(a) Offense defined.--**A person commits the crime of terroristic threats if the person communicates, either directly or indirectly, a threat to:

> (1) commit any crime of violence with intent to terrorize another[.]

18 Pa.C.S. § 2706(a)(1).

The trial court addressed Appellant's sufficiency claims as follows:

> Based upon the evidence of record, the Commonwealth provided sufficient evidence to prove all crimes charged beyond a reasonable doubt. Although the victim was the only witness to provide evidence of the events as they unfolded, her testimony alone is insufficient to prove the crimes charged. The testimony of the complainant alone is sufficient proof upon which to find [Appellant] guilty of the sexual offenses charged. 18 Pa.C.S.[] § 3106. The testimony of the victim does not need to be corroborated by any other witnesses or evidence in order to sustain a conviction. 18 Pa.C.S.[] 3106.

Trial Court Order, February 2, 2015, p. 1 n.1.

We do not hesitate to agree with the trial court that the Commonwealth presented sufficient evidence for the jury to find every element of the crimes for which he was convicted beyond a reasonable doubt.

Lastly, Appellant claims that the trial court abused its discretion by imposing an aggregate sentence of 18 to 45 years' incarceration. **See** Appellant's Brief, pp. 42-53. We do not agree.

Initially, we note that "[c]hallenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right." **Commonwealth v. Allen**, 24 A.3d 1058, 1064 (Pa.Super.2011). Before

this Court can address such a discretionary challenge, an appellant must comply with the following requirements:

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id*. at 1064.

Here, Appellant filed a timely notice of appeal, and preserved his issues in a post-sentence motion. Further, Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). *See* Appellant's Brief, pp. 32-33. Accordingly, we now determine whether Appellant has raised a substantial question for review and, if so, proceed to a discussion of the merits of the claim. *See* Pa.R.A.P. 2119(f); *Commonwealth v. Tuladziecki*, 522 A.2d 17 (Pa.1987).

"A substantial question will be found where the defendant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the [sentencing] code or is contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Christine*, 78 A.3d 1, 10 (Pa.Super.2013) (internal citations omitted); *see also* 42 Pa.C.S. § 9781(b). "We determine whether a particular case raises a

substantial question on a case-by-case basis." ***Id.*** A bald or generic assertion that a sentence is excessive does not, by itself, raise a substantial question justifying this Court's review of the merits of the underlying claim. ***Id.***; ***see also Commonwealth v. Harvard***, 64 A.3d 690, 701 (Pa.Super.2013). Additionally, a court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question. ***Commonwealth v. Mastromarino***, 2 A.3d 581, 587 (Pa.Super.2010), *appeal denied*, 14 A.3d 825 (Pa.2011). Rather, the imposition of consecutive rather than concurrent sentences will present a substantial question in only "the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." ***Commonwealth v. Lamonda***, 52 A.3d 365, 372 (Pa.Super.2012), *appeal denied,* 75 A.3d 1281 (Pa.2013). This Court has stated that

> a defendant **may** raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.

***Commonwealth v. Dodge***, 77 A.3d 1263, 1270 (Pa.Super.2013), *reargument denied* (Nov. 21, 2013), *appeal denied*, 91 A.3d 161 (Pa.2014) (emphasis in original).

- 13 -

Recently in **Commonwealth v. Zirkle**, the appellant argued his aggregate minimum sentence for convictions on three counts of burglary, three counts of criminal trespass, one count of criminal mischief, one count of terroristic threats, and two counts of theft was so excessive as to raise a substantial question for this Court's review. 107 A.3d 127 (Pa.Super.2014). This Court held:

> While a seventeen-year-and-one-month minimum sentence may seem harsh at first blush, given the charges involved, it is not so manifestly excessive as to raise a substantial question.

**Zirkle**, 107 A.3d at 134. The Court continued to explain that the fact

> that the crimes occurred in close proximity is not dispositive. Zirkle is not entitled to a "volume discount" because various crimes occurred in one continuous spree.

**Id.** (internal citation and some quotations omitted). Additionally, the **Zirkle** Court noted "a claim that a court did not weigh [sentencing] factors as an appellant wishes does not raise a substantial question." **Id.** at 133 (citing **Commonwealth v. Bowersox**, 690 A.2d 279, 281 (Pa.Super.1997)).

Here, Appellant alleges that the trial court imposed an unreasonable sentence. **See** Appellant's Brief, pp. 42-53. Appellant does not argue that the sentencing court relied upon any impermissible factors in sentencing, relied solely on the severity of the crime committed, or sentenced beyond statutory limits. Instead, he alleges that the aggregate of his consecutive sentences was excessive and disproportionate to Appellant's criminal conduct, and that the trial court erred in imposing its sentence by failing to

adequately account for Appellant's personal history and rehabilitative needs, and by placing too much emphasis on the impact on the victim and the community. *Id.* Effectively, Appellant argues the length of his aggregate sentence and the fact that the trial court did not weigh the sentencing factors *as he would have preferred* make his sentence unreasonable.[12] Neither of these claims raises a substantial question for review. *See Zirkle*, *supra*.

Even had Appellant stated a substantial question for review, we would affirm on the merits. We review discretionary aspects of sentence claims under the following standard of review:

> If this Court grants appeal and reviews the sentence, the standard of review is well-settled: sentencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will. It is more than just an error in judgment.

*Commonwealth v. Malovich*, 903 A.2d 1247, 1252-53 (Pa.Super.2006) (citations omitted).

---

[12] We acknowledge that this Court has held that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa.Super.2014), *appeal denied,* 105 A.3d 736 (Pa.2014) (quoting *Commonwealth v. Perry*, 883 A.2d 599, 602 (Pa.Super.2005)). Appellant does not raise such a claim.

Our review of the sentencing transcript reveals that the lower court did not abuse its discretion. ***See generally*** N.T. 4/17/2015. Instead, the trial court imposed a sentence that was consistent with the protection of the public, took into account the gravity of the offense as it related to the impact on the life of the victim and on the community, and considered the Appellant's rehabilitative needs, as required by 42 Pa.C.S. § 9721(b). ***Id.***

In imposing sentence, the trial court considered Appellant's age, level of education and criminal background, the nature and circumstances of the crimes, the sentencing guidelines, Appellant's rehabilitative needs, the arguments of counsel, the effect of the crime on the victim, and the effect of the crime on the public. ***See*** N.T. 4/17/2015, pp. 2-18; N.T. 11/18/2014, pp. 2-23; 1925(a) Opinion, pp. 4-6. The trial court explained the sentence imposed as follows:

> [Appellant] was found guilty of five counts of rape and related offenses. The victim was a 21[-]year[-]old woman who had no relationship, sexual or otherwise, with [Appellant]. The crimes committed by [Appellant] demeaned, humiliated and shamed the victim. [Appellant] threatened the victim and put her in fear of losing her life. The crime was committed in a public park, at night, over a span of several hours, and [Appellant] threatened the victim at knife point.
>
> Although the victim did not suffer serious physical injury, [Appellant's] criminal conduct will have lasting effects upon the victim. The victim, while present in the courtroom, declined to speak to the [c]ourt because she was nervous and emotionally traumatized by the sexual assault committed against her by [Appellant]. The victim's trust in others has been shattered to the point where she does not interact with strangers and does not search out new acquaintances.

A presence investigation report (PSI) revealed that [Appellant] started using marijuana and alcohol as a teenager and at the time of his arrest for the instant crimes, used these substances on a regular basis. As a juvenile, [Appellant] was adjudicated delinquent four times for drug offenses and was supervised by juvenile court in Philadelphia while on probation. As a juvenile, [Appellant] was found in violation of probation several times. As an adult, [Appellant] was convicted of possession with intent to deliver a controlled substance on December 21, 2006. He was sentenced on April 11, 2007 to 20 to 40 months['] incarceration, plus a period of 4 years['] probation consecutive. [Appellant] was found in violation of his probation on one occasion and faces a revocation proceeding in Philadelphia as a result of the instant conviction[s]. Despite four adjudications and one conviction for drug offenses, with probation, drug treatment and a state prison sentence, [Appellant] continues to use illegal drugs and was doing so at the time of the commission of the crimes in question. Rehabilitation efforts have been unsuccessful.

[Appellant] has failed to take responsibility for his crimes. [Appellant's] failure to take responsibility for his crimes diminishes the likelihood that rehabilitative efforts by the justice system will be successful.

[Appellant] was last employed in August of 2012 as a warehouse worker. Prior to that time, [Appellant] worked part-time in the summer months for a waste disposal agency and was a maintenance worker. [Appellant] left high school after completing the eleventh grade and while he has taken some GED classes through Career Link in Coatesville, PA after being released from state prison, he has not earned his GED.

Neither [Appellant's] mother nor his father was consistently involved with his life during his childhood. [Appellant's] father was an alcoholic and essentially abandoned [Appellant] and his mother was addicted to crack cocaine. [Appellant] was raised by his maternal grandparents in Philadelphia. [Appellant] has maintained his primary residence at his grandparents' home in Philadelphia for the past eighteen years.

The reasons for the sentence are fully set forth by the [c]ourt in the transcript of the sentencing on April 17, 2015. The transcript sets forth our consideration of the factors set forth in

> 42 Pa.C.S.[] § 9721(b), including protection of the public, gravity of the offense, and rehabilitative needs of [Appellant]. We hereby incorporate the transcript as the Opinion of the [c]ourt for the purposes of the appeal on this issue.

1925(a) Opinion, pp. 4-6.  Additionally, the court sentenced Appellant to sentences within the standard guidelines range and within the statutory maximums.  **See id.** at 6; **see also Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa.Super.2010) ("[W]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.").  Accordingly, in addition to failing to raise a substantial question for review, Appellant's excessiveness claim fails on the merits.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/2/2016